Hillsborough, }
Oct. 5, 1915. }

## SHENDEL GILMAN *v.* NATHAN GILMAN.

Under section 2, chapter 176, of the Public Statutes, a married woman may maintain an action for trespass to the person against her husband.

TRESPASS to the person. Trial by jury and verdict for the plaintiff. The plaintiff is the defendant's wife, and her evidence tended to prove that her husband had on several occasions assaulted her. At the close of the plaintiff's evidence the defendant moved for a nonsuit, upon the ground that an action for assault cannot be maintained by a wife against her husband. The motion was denied, and the defendant excepted. Transferred from the January term, 1915, of the superior court by *Branch,* J.

*Osgood & Osgood,* for the plaintiff.

*John O'Neill,* for the defendant.

YOUNG, J. The only question raised by the defendant's exception is whether section 2, chapter 176, of the Public Statutes, gives a married woman the right to maintain an action of this kind against her husband. It is conceded that the plaintiff could not maintain this action at common law, and the defendant contends that the statute limits her right to sue to actions growing out of, or in some way connected with, her separate property. *Strom* v. *Strom,* 98 Minn. 437,—6 L. R. A. N. S. 191, note. The question, therefore, is as to the test to determine when a married woman may sue.

Section 2, above cited, provides that she "may . . . sue and be sued, in all matters in law and equity, and upon any contract by her made, or for any wrong by her done, as if she were unmarried." If this language is given its ordinary meaning, she can maintain this action provided she could maintain it if she were a single woman; for the statute provides in terms that, with certain exceptions not material here, she may sue and be sued in all matters as though she were unmarried. In other words, when the legislature enacted this section it intended to remove all the disabilities the common law imposed on married women in so far as the right to sue was concerned, and, with certain exceptions, to put husband and wife on an equality in respect to property, torts, and contracts. *Seaver* v.

*Adams*, 66 N. H. 142. Therefore the test to determine whether the plaintiff can maintain this action is to inquire whether she could maintain it if she were unmarried, and not to inquire who the defendant is, nor whether she is seeking to enforce a property right. In a word: If a married woman is either injured or damaged by another's illegal act, the statute gives her a remedy even though that other is her husband; and it is, and was at the time the statute was enacted, illegal for a husband to assault his wife. *Poor* v. *Poor*, 8 N. H. 307, 313.

*Exception overruled.*

All concurred.