## Louisville & Nashville Railroad Company v. Kinman.

(Decided December 20, 1918.)

### Appeal from Grant Circuit Court.

1. Husband and Wife—Action for Loss of Wife's Service.—The husband's common law right to maintain an action for the loss of the society and consortium of his wife, caused by the negligence of a railroad company, was not transferred from him to his wife by the Kentucky Married Woman's Law of 1894.

2. Husband and Wife—Action for Loss of Wife's Service.—Where a married woman has been injured by the negligence of a railroad

company, her husband may maintain an action for the loss of the aid and service of her society, although she had been compensated for her personal injuries, and her physical pain and suffering.

DeJARNETT & HARRISON and BENJAMIN D. WARFIELD for appellant.

W. W. DICKERSON, O. S. HOGAN and MENEFEE & MENEFEE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Where a married woman has been injured, can her husband maintain an action for the loss of the aid and service of her society, she having been compensated for her personal injuries and her physical pain and suffering?

While Neat Kinman and his wife, Nancy, were at appellant's station at Sparta, Ky., awaiting the arrival of a passenger train that would convey them from Sparta to Elliston Station, a station truck was hit by a passing train and thrown against Mrs. Kinman, seriously injuring her. The proof tended strongly to show that her injuries were of such character as to render her wholly unable to perform her ordinary household duties, and that the consortium in its strict sense was destroyed.

Although not relied upon in the pleading, counsel for appellee concedes that the appellant made a settlement with Nancy Kinman, and paid her for her personal injuries and her physical pain and suffering. This, however, cannot affect the case, since the husband's right of action, if it exists, is not to be diminished by a payment to his wife. The husband, Neat Kinman, brought this action for his loss and injury, to-wit, the loss of his wife's services in and about his household, of her society, and the loss of the consolation of the marital relationship. Demurrers to the petition, both general and special, having been overruled, a trial resulted in a verdict and judgment in favor of the husband for $1,500.00. The defendant appeals.

In asking a reversal of that judgment, appellant insists: (1) That since the enactment of the Weissinger law of 1894 (Ky. Stats., sec. 2127) the husband has no property rights growing out of the injury to his wife, for which a right of action lies exclusively in her; (2) that the trial court, following up the error committed

when the demurrers to the petition were overruled, admitted much incompetent evidence against defendant; (3) that the damages are excessive; and (4) that the court misinstructed the jury.

The second ground relates to evidence tending to support the husband's cause of action and is dependent upon the first. The damages cannot be said to be excessive, and, indeed, that ground is not seriously argued in the brief. And, since the court instructed the jury that Mrs. Kinman was entitled to all of her earnings and all of her property other than such services as she rendered in the immediate household and the personal consolation to the husband, his right to recover was properly limited, provided he had a right of action. So, it will be seen that the case, in fact, resolves itself into a determination of the question whether a husband may now maintain an action for the loss of consortium and of the services of his wife in his household.

Appellee concedes that at common law the wife had no right of action for the loss of her time, for expenses incurred in treatment, or for physical pain and suffering or for injuries caused by negligence; that this was true because the common law regarded the wife as the servant of the husband more than as a companion; and consequently, that all the losses accrued to him, and none to her. Eden v. Lexington & Frankfort R. R. Co., 14 B. M. 165; L. & N. R. R. Co. v. McElwain, 98 Ky. 700, 34 L. R. A. 788, 56 A. S. R. 385; Rogers v. Fancy Farm Telephone Co., 160 Ky. 841.

Under the common law the marriage so completely annihilated the wife that her very being and legal existence was suspended during the marriage, or at least, it was incorporated and consolidated into that of the husband, under whose wing, protection and cover, she performed everything. 1 Black. Com. 442.

Blackstone further says:

"We may observe that in these relative injuries notice is only taken of the wrong done to the superior of the parties related, by the breach and dissolution of either the relation itself, or at least the advantages accruing therefrom; while the loss of the inferior by such injuries is totally unregarded. One reason for this may be this; that the inferior hath no kind of property in the company, care, or assistance of the superior, as the

superior is held to have in those of the inferior; and therefore the inferior can suffer no loss or injury. The wife cannot recover damages for beating her husband, for she hath no separate interest in anything during her coverture.'' 3 Com. 143.

In other words, at common law, only the husband had the right to maintain this action.

Appellant contends, however, that the Kentucky married woman's law, commonly known as the Weissinger Act of 1894 (Ky. Stats.. sec. 2127) has changed the common law rule by transferring to the wife the right of action for injuries personal to her and which formerly belonged alone to the husband. Sections 2127 and 2128 of the Kentucky Statutes read as follows:

''2127. Marriage shall give to the husband, during the life of the wife, no estate or interest in the wife's property, real or personal, owned at the time or acquired after the marriage. During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband.''

''2128 . . . She may make contracts and sue and be sued, as a single woman, except that she may not make any executory contracts to sell or convey or mortgage her real estate, unless her husband join in such contract;'' etc.

And, a wife could not sue at all for injuries to herself, unless her husband joined with her in the action. Civil Code, sec. 34; Anderson v. Anderson, 11 Bush 327.

It is insisted that the Weissinger Act above quoted, has changed this common law rule as declared in Anderson v. Anderson, *supra,* and in section 34 of the Code, by giving the wife the right to recover all the damages flowing from an injury to her, and that under the present law, which was in effect at the time the accident occurred, the husband has no more right of action for an injury to his wife than she has for an injury to him. And, while it is said, upon the one side, that the question here presented has not been passed upon by this court, it is contended, upon the other, that the court has, in effect, decided it—counsel upon either side relying upon L. & N. R. Co. v. McElwain, *supra.* It becomes important, therefore, to ascertain precisely what was decided in that case.

In the McElwain case Mrs. McElwain was injured in 1892—more than a year before the enactment of the Weissinger law—while crossing a railroad track, and died from her injuries. Her husband qualified as the executor of her will, and in that capacity brought an action against the company for damages. At the same time he instituted another action in his individual capacity as husband, to recover for the loss of his wife's society, as in this case. The action brought in his representative capacity was tried first, and resulted in a verdict and judgment in his favor for $5,000.00, which was paid. In his action as personal representative, McElwain recovered compensatory damages, for the physical and mental suffering of his wife, for expenses of her treatment, and for the permanent impairment of her ability to earn money. The question, therefore, presented in the case in which McElwain was suing in his individual capacity as husband for the loss of his wife's society, was, whether the recovery in the action as personal representative of the estate of his deceased wife, was a bar to McElwain's right to recover for a loss for which it was claimed the common law afforded redress to him individually. In other words, the question there presented was this: Did the recovery by the husband as executor under the statute giving a cause of action to the executor for the death of the wife through the negligence of the railroad company, constitute a bar to an action by the husband under the common law to recover damages for the loss of his wife's society from the time of the injury until her death?

In holding that the first action did constitute a bar, the court went into an examination of the common law in connection with the statutory remedy given for negligent acts resulting in death, saying:

"It is perfectly manifest that at the common law her husband could recover damages for the loss of her society from the date of the injury until her death for a negligent act resulting in the injury of his wife, although she died therefrom.

"The question here arises as to what effect the statute providing a remedy for injuries to the person by negligence has upon the right of the husband to maintain an action for such injuries for which the common law afforded him redress.

"At the common law, although the person injured may have suffered great physical and mental pain the

cause of action was abated by his death. The General Assembly, in order to preserve and keep alive such cause of action provided that, every right of action for personal injury, except actions for assault and battery, slander, criminal conversation, and so much of the action for criminal prosecution as is intended to recover for personal injury, shall survive to the personal representative. (Ch. 10, Gen. Stats.) (Ky. Stats., sec. 10.)

"To provide a cause of action where none existed the statute of 1854 was enacted, which gave a cause of action to the personal representative of one not in the employment of the railroad, whose life was lost by means of the negligence or carelessness of the servants or agents, etc., of such railroad. A recovery under section 1, chapter 57, General Statutes, goes to the estate of the decedent.

"This was the section under which the plaintiff as personal representative of the estate of his deceased wife recovered in the other action mentioned."

And, in reversing the judgment and holding that the statutory right in which the recovery was principally for the husband's benefit superseded his common law right, the court said:

"We cannot believe that the General Assembly intended that the personal representative should maintain an action for the death of the wife, practically for the husband's benefit, and allow at the same time the husband to maintain one, on his own account, for the same acts of negligence. . . . The legislative intent was to increase the elements of damage flowing from the acts of negligence producing death. It was not the intention of the legislature to multiply actions. The husband must accept the benefits which the statute secures him in lieu of those he possessed at common law."

From this it will be seen that the reason for the ruling in the McElwain case was found in the legislative intent to substitute one cause of action for another, both being for the benefit of the same person, and that in giving an increased recovery, the lesser was necessarily abrogated. But, in discussing Hansford's case, 11 Bush 380, the court, in the McElwain case, further said:

"It was not in issue in the case as to what the rights of a husband were when his wife lost her life by the wrongful act of another, but the judge delivering the opinion in the discussion of the case restated the doctrine of

Baker v. Bolton, as sanctioned in Eden's case. (14 B. M. 204 (165.)

"Had the injured party been the wife instead of the husband, then, certainly, he would have had the right at the common law to have maintained an action for the loss of the society of his wife, although her personal representative might have sustained an action to recover damages for mental and physical suffering.

"Had the wife survived her injuries she could have maintained her action for her mental and physical suffering. Had the husband sustained damages in consequence of his wife's injuries by the 'loss of her society' then he could have also maintained his action to recover such damages. Had she lived he could not recover for her mental and physical suffering, because that was a damage to her, neither could she recover for his 'loss of her society,' because that was his damage. Both causes of action existed at common law."

While it may be said that the language last above quoted from the McElwain case was *dictum*, it nevertheless stated the common law rule, as we understand it, which provided that in case the husband sustained damages in consequence of his wife's injuries by the loss of her society, he could maintain his action to recover damages therefor. The McElwain case is not applicable here, since there both actions, growing out of the same injury, were brought for the benefit of the husband, while here there are two separate rights of action, one in the wife and the other in the husband.

In Rogers v. Fancy Farm Telephone Co., 160 Ky. 841, the court said:

"In L. & N. R. R. Co. v. McElwain, 98 Ky. 700, 34 L. R. A. 788, 56 A. S. R. 385, the court said it was perfectly manifest that at common law a husband could recover damages for the loss of his wife's society from the date of the injury until her death resulting from a negligent act, although she died as a result thereof, provided any appreciable length of time elapsed after the negligent act became apparent until her death, during which time the husband could have enjoyed his wife's society."

The husband could not have maintained such an action if the death of the wife was instantaneous, because in such a case he had not lost the conjugal society of his wife except from the time of her death, and the

statute gave the cause of action for her death to her personal representative. Eden v. Lexington & Frankfort R. R. Co., 14 B. M. 165. The cases clearly recognize the existence of two causes of action, one being statutory and in the personal representative for the death of the wife, but really for the husband's benefit; the other under the common law and in the husband individually for the loss of his wife's services and society. But if the wife died the common law action was superseded by the more comprehensive statutory action. This result, however, to the husband's rights was not affected by the married woman's act giving her the right to recover for her pain and suffering. That is her right; her husband's right to damages for the loss of her society remains as before.

Counsel for appellant rely on Marri v. Stamford St. R. Co., 78 Atl. 582; Mathewson v. Mathewson, 79 Conn. 23, 5 L. R. A. (N. S.) 611; and Feneff v. N. Y. C. & H. R. R. Co., 203 Mass. 278, in support of their contention that the petition fails to state a cause of action. It is sufficient, however, to say that the refined reasoning of the opinion in the Marri case, which is authority for the other cases relied upon, has never obtained in this jurisdiction.

Judgment affirmed.