10402

## PROSSER v. PROSSER.

(102 S. E. 78.)

HUSBAND AND WIFE—WIFE MAY SUE HUSBAND IN TORT FOR BEATING.—
Under Code Civ. Proc. 1912, secs. 114, 160, and 163, particularly in
view of sections 483, 487, wife may maintain action in tort against
her husband for wilfully beating her.

Before MAULDIN, J., Florence, —— term, ——. Order
reversed and cause remanded for trial.

Action by Eola A. Prosser against James B. Prosser.
From judgment dismissing the complaint on demurrer, plaintiff appeals.

*Messrs. Willcox & Willcox* and *H. E. Davis,* for appellant. *Messrs. Willcox & Willcox* cite: As to the status of
*married women at common law:* 13 R. C. L. 983. *As to the
general growth of remedial legislation:* 13 R. C. L. 984; 15
S. C. 588. *As to the changes in the law of South Carolina:*
Const. of 1868, art. XIV, sec. 8; Act of 1870, 14 Stat. at
Large, p. 325; 7 S. C. 101; 12 S. C. 592; 14 S. C. 556; 15
S. C. 581; 16 S. C. 981; *Act of 1882, limiting the capacity
of a wife to contract by adding the words "as to her separate estate:"* 26 S. C. 516; 27 S. C. 532; 24 S. C. 273; 27
S. C. 428; 35 S. C. 298; Stats. at Large, vol. XIX, p. 811;
Stats. at Large, vol. XX, p. 112; Const. of 1895, art. XVII,
sec. 9; 13 R. C. L. —; 82 S. C. 359. *Modern judicial opinion in other jurisdictions upon this subject:* 13 R. C. L.
1396, 97; 88 Conn. 42; 52 L. R. A. 185; 42 Okla. 124; 52
L. R. A. 189. *This Court has held that a "wife may maintain an action for the malicious alienation of her husband's
affection and that she need not join her husband as a party
with her:"* 82 S. C. 359; A. & E. Enc. Law, 1st Ed., vol.
III, p. 235; 4 Dean (N. Y.) 80; 12 N. Y. 622; 6 L. R. A.
553; 6 A. & E. Enc. Law, 2d Ed., p. 4 (cases cited in note).

*Messrs. Arrowsmith, Muldrow, Bridges & Hicks.* for respondent.

April 13, 1920.

The opinion of the Court was delivered by Mr. JUSTICE GAGE.

A wife sued her husband in tort for wilfully beating her, and the Circuit Court held that for such she had no cause of action. The complaint was dismissed on demurrer, the plaintiff has appealed, and the only question to be decided is the right of the wife in such circumstances.

The gravamen of the demurrer is: (1) That by the common law the wife had no such right; (2) that the legislature alone can give her such right, and (3) that the legislature has not done so. The first and second postulates are pitifully true. The third postulate is not true, and we come immediately to the consideration of that issue.

Neither the Constitution of 1868, nor that of 1895, nor the statutes enacted pursuant thereto, by so many words give to a married woman power "to sue." The act of 1891 (20 St. at Large, p. 1121, section 3761, Code of Laws) declared she might "enforce" the "contract" made with her, but it makes no mention of actions for tort.

The Constitution of 1868 merely conferred on the wife the power to hold property; that of 1895 added to so much the power to contract. The act of 1870 (14 St. at Large, p. 325), passed "to carry into effect the provisions of the Constitution," did little more than enact the provisions of the Constitution of 1868 and added the power to contract.

But the Code of Procedure enacted in 1870 provides comprehensive "remedies" for the redress of wrongs.

At the common law it was, of course, an actionable wrong for a stranger to beat a married woman. If the beating was by her husband the wrong was none the less, for the act was at least a violation of the criminal law. But the Courts denied a civil action to the wife upon the theory that she

could not sue herself, and the husband was part of herself. The Judges pointed her for a remedy to the divorce Courts and the criminal Courts. The anomaly was thus presented of incarcerating a wife beater if he should beat his wife-self, but loosing his purse if he should commit the identical act. For the beating she suffered the wrong,.but she had not the remedy by civil action.

The act of 1870 entitled the Code of Procedure gave her the remedy. That statute defines an action as a proceeding, amongst other things, to redress a private wrong (section 114) ; and it provides that actions shall be prosecuted by the real party in interest (section 160) ; and it provides, by necessary implication, that a married woman may sue (section 163), and that in two instances she may sue alone, (1) when the action concerns her separate property, and (2) when the action is between herself and her husband. The necessary implication is that the second instance is not included in the first instance; that is to say, she may sue her husband in circumstances not concerning her "separate" property.

The Code of Procedure is thus in derogation of the common law, and it must not be strictly construed. Section 487.

The necessary inference is that by a liberal and not by a strict construction the Code of Procedure was enacted to give to a wife every remedy against her husband for any wrong she might suffer at his hands. More than this, a wife has a right in her person; and a suit for a wrong to her person is a thing in action; and a thing in action is property, and her property. Section 483.

This action is, therefore, maintainable under our own case of *Messervy v. Messervy*, 82 S. C. 559, 64 S. E. 753.

The order of the Circuit Court is reversed, and the cause is remanded there for trial.