MARION E. NEWTON, Plaintiff, *v.* HARRY F. WEBER, Defendant.

Supreme Court, Lewis County, September, 1922.

**Husband and wife — negligence — wife cannot sue husband for negligence.**

A wife cannot maintain an action against her husband to recover for personal injuries sustained by reason of his negligent operation of a car in which before their marriage she was riding at his invitation. The fact that the cause of action accrued and the action was commenced when the parties were separate entities does not change the situation.

MOTION by defendant for judgment dismissing the complaint pursuant to the provisions of section 277 of the Civil Practice Act, and rule 106 of the Rules of Civil Practice.

*Purcell, Cullen & Pitcher* (*Francis E. Cullen,* of counsel), for motion.

*Frank Bowman,* opposed.

EDGCOMB, J. Plaintiff was injured on the twenty-first day of last May, while riding with the defendant, at his invitation, by reason of his negligent operation of a car. She brings this action to recover the damages received on that occasion. The action was commenced by the service of a summons. Thereafter, and before

the complaint was served, the plaintiff married the defendant. That fact is alleged in the complaint. Defendant now moves for judgment dismissing the complaint, pursuant to the provisions of section 277 of the Civil Practice Act and rule 106 of the Rules of Civil Practice, upon the ground that it appears upon the face thereof that said complaint does not state facts sufficient to constitute a cause of action. The only question involved is whether this plaintiff, on account of the relationship which exists between her and the defendant, can maintain this action.

At common law a husband and his wife are looked upon as one person. For this reason one was not allowed to maintain an action against the other sounding in tort or contract. Statutes have been passed in this and other states which, to a certain extent, have altered this rule. The new powers thus conferred are in derrogation of the common law, and must, therefore, be strictly construed. The unity of the parties to the marriage contract has been severed no further than the statute in express terms or by necessary implication has effected that purpose. While to-day a wife may sue her spouse for various causes of action, our statutes are not broad enough to permit her to maintain an action against him for negligence (*Perlman* v. *Brooklyn City R. R. Co.*, 117 Misc. Rep. 353, unanimously affirmed upon the opinion of Mr. Justice Kapper at Special Term, 202 App. Div. 822; *Oken* v. *Oken*, 117 Atl. Rep. 357), nor for assault and battery (*Abbe* v. *Abbe*, 22 App. Div. 483; *Longendyke* v. *Longendyke*, 44 Barb. 366; *Schultz* v. *Schultz*, 89 N. Y. 644), nor for slander (*Freethy* v. *Freethy*, 42 Barb. 641).

It is urged by the plaintiff that modern progress and thought have advanced so far as to render this fiction of the law practically obsolete, and that it should be disregarded in this instance, and a more reasonable and up to date view taken, which will permit a woman, though married, to maintain any action against her spouse. I believe that to be an argument which should be addressed to the legislature and not to the court. The above-quoted authorities, many of which are very recent decisions, hold squarely that a wife cannot maintain certain tort actions against her husband, and I would not be justified in brushing them aside and breaking away from the rule which they enunciate. Especially is this true when the weight of the argument is not in favor of the abrogation of the canon and when it is very questionable whether the rule should not be enforced in cases of this kind upon the grounds of public policy. The maintenance of an action of this character, unless the sole purpose be a raid upon an insurance company, would not add to conjugal happiness and unison, which it is the policy of the

16

law to further and promote. As was pointed out in *Longendyke* v. *Longendyke, supra*, the effect of giving so broad a construction to the statute as to permit a wife to maintain an action against her husband for assault and battery might be to involve the parties " in perpetual controversy and litigation — to sow the seeds of perpetual domestic discord and broil — to produce the most discordant and conflicting interest of property between them, and to offer a bounty or temptation to the wife to seek encroachment upon her husband's property, which would not only be at war with domestic peace, but deprive her probably of those testamentary dispositions by the husband, in her favor, which he would otherwise be likely to make."

It might not be out of place to adopt the language of Judge Kapper, in *Perlman* v. *Brooklyn City R. R. Co., supra*, and say that two lovers who subsequently became man and wife " enjoying each other's society in an automobile pleasure ride, suggests little in consonance with the wife's desire to transfer money from the pocket of her husband to her own pocket because his inadvertence has caused her a personal hurt."

It follows, therefore, that the plaintiff cannot maintain this action, unless it is saved by reason of the fact that when the accident happened and when the summons was served the parties were not intermarried, and the prohibition against the maintenance of the action did not exist. Did their subsequent intermarriage change the situation and render the wife incapable of recovering her damages in the action already brought?

My attention has not been called to any case where this precise question has been passed upon, and a diligent search upon my part has failed to reveal any authority upon this subject.

It seems to me that the decision of this question largely depends upon the reason for the rule prohibiting such actions. The canon in question was founded upon the legal fiction that there was an identity of the parties to the marriage contract, and the husband and wife were one, hence a party could not sue himself. The all-important feature of a lawsuit is not its commencement; it avails a party little to commence the action, unless he follows it to judgment. The principle here involved does not look to the relation of the parties when the cause of action accrued or when the case was commenced, but to their relation at the time their rights are judicially determined. If plaintiff's contention is correct, and she is successful in establishing her claim of negligence on the part of the defendant and her freedom from contributory negligence, we would have the spectacle of one party recovering a judgment against himself, because the very moment plaintiff and

defendant intermarried they became, in the eyes of the law, one person. The fact that the cause of action accrued and that the action was commenced when they were separate entities does not change the situation now that the parties have become merged into one being.

It does not necessarily follow that, because the action was commenced at a time when there was no legal reason why it should not be continued to judgment, it cannot abate in the event of a change in the situation of the parties. Suppose instead of marrying the defendant the plaintiff had died. Her cause of action would have abated, and the fact that the accident happened before her death and the suit had actually been commenced during her lifetime would not have saved it. Such a change in the situation of the parties after the commencement of the action would have deprived the plaintiff and her representatives of her cause of action. So the marriage of the plaintiff to the defendant after she had begun this action changed the situation and made her one and the same person as the defendant, and took from her the right to maintain this action against her spouse.

Motion granted.

Ordered accordingly.