## MARY KALAMIAN vs. DAVID KALAMIAN.

Second Judicial District, Norwich, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The trial court found that the defendant lost control of his automobile while driving it down a long hill and thereupon applied his emergency and foot brakes so suddenly and violently that it swerved onto the shoulder of the road and overturned, thus injuring the plaintiff, his wife, who was a passenger in the car. *Held:*

1. That the facts found justified the conclusion that the defendant was negligent.

2. That the defendant's statement to his insurer, prior to trial, in apparent contradiction to his testimony, presented merely a question of credibility, the determination of which by the trial court was conclusive.

3. That the trial court's finding of "loss of control" prior to the improper application of the brakes was not essential to the conclusion of negligence.

4. That the plaintiff's conduct in riding with the defendant knowing that he had been a licensed operator only fifteen days, and in entering a five-passenger car which contained seven passengers, three of whom were, however, young children, did not as a matter of law, constitute contributory negligence.

5. That the community of interest between the plaintiff and defendant was merely a consideration tending to affect their credibility and did not render the action constructively fraudulent or otherwise illegitimate.

Argued October 18th—decided December 12th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New London County and tried to the court, *Avery, J.;* judgment for the plaintiff for $2,500, and appeal by the defendant. *No error.*

*Arthur T. Keefe,* for the appellant (defendant).

*Clayton B. Smith,* with whom was *Benjamin H. Hewitt,* for the appellee (plaintiff).

HINMAN, J.   The allegation of negligence upon which the plaintiff relied was that the defendant applied his brakes so suddenly and with such great force and violence and so carelessly and negligently operated his car that it suddenly swerved and tipped over, throwing the plaintiff out upon a cement road.   The finding states, in substance, that when the defendant started to drive down a long hill, his car was in good condition and was traveling about twenty miles per hour, which speed was gradually increased as the car proceeded down the hill until the defendant lost control of it; that he then applied both foot and emergency brakes, whereupon the car immediately swerved off the cement and onto the shoulder of the road and tipped over.

The facts found are clearly sufficient to support the conclusion that the defendant was negligent as alleged, but the defendant seeks to have the finding corrected in various respects, particularly to the effect that the defendant, before applying the brakes, heard a noise which led him to believe something was the matter with the car, whereupon he attempted to stop it, and that the cause of the overturn of the car is unknown.   The finding upon this point, as made, accords in substance with the testimony of plaintiff's witnesses, including the defendant himself.   The claim that a noise was heard before the brakes were applied is based upon statements obtained from the defendant, after the accident, by attorneys for his insurer, which statements were offered in evidence in contradiction of his testimony, on the trial, to the effect that it was the rate of speed which the car had attained that led him to apply both brakes and it was

not until then that he heard a noise. This apparent contradiction presented a question of credibility for the trial court, in the determination of which very likely the circumstances under which the statements were obtained, and the defendant's unfamiliarity with the English language may have been factors. *Lampe* v. *Simpson,* 106 Conn. 356, 358, 138 Atl. 141.

The defendant contends, also, that the finding that defendant "lost control" of his car before applying the brakes is not warranted by the evidence. We do not understand that the defendant in his testimony, or the court in the finding, referred to loss of control in the technical sense—that is, inability by the proper use of the mechanism to guide the car or bring it to stop with reasonable celerity, but rather to the attainment of a rate of speed which impelled the defendant to attempt to check it. The gist of the negligence alleged and found to have been the proximate cause of the injury was excessive and negligent suddenness and extent of application of the brakes and the consequences of such application of braking power, and the presence of prior loss of control is not essential to the conclusion of negligence nor to a recovery therefor. The fact that actual loss of control followed such negligent application of the brakes is obvious, and that it and the swerving and overturning of the car were due to the manner and force of application is not only a permissible but also a natural and logical inference from the other facts found.

Upon the evidence, no requested correction of the finding can be made which would present a case of emergency or unavoidable accident absolving the defendant from actionable negligence, or otherwise affect, to the defendant's advantage, the plaintiff's right of recovery.

It is claimed that the plaintiff was guilty of con-

tributory negligence, and assumed the risks involved, in riding with the defendant knowing that he had been a licensed operator only fifteen days, and because the five-passenger car contained, at the time, seven passengers—three of whom, however, were children, thirteen, three and two years of age. We cannot hold, as a matter of law, that the trial court erred in ruling otherwise. *Marks* v. *Dorkin,* 105 Conn. 521, 136 Atl. 83; *Kinley* v. *Hines,* 106 Conn. 82, 85, 137 Atl. 9.

The fact that the plaintiff is the wife of the defendant does not render this action constructively fraudulent or otherwise illegitimate. *Bushnell* v. *Bushnell,* 103 Conn. 583, 131 Atl. 432. Such community of interest, if any, as may be inferable as existing between the defendant and the plaintiff, by reason of their relation as husband and wife, was a consideration tending to affect their credibility only.

There is no error.

In this opinion the other judges concurred.