KATZENBERG *v.* KATZENBERG.

Opinion delivered April 13, 1931.

*Partain & Agee* and *G. L. Grant,* for appellant.
*Fred S. Armstrong,* for appellee.

HUMPHREYS, J. This appeal involves the single question of whether a married woman may sue her husband for an injury received through his negligence. The complaint alleges that appellant was riding in an automobile being driven by appellee, her husband, and, through negligent operation thereof, he drove it off the highway, turned it over, and pinned appellant underneath it, thereby seriously and permanently injuring and damaging her.

Appellee filed a demurrer to the complaint upon the ground that appellant was without capacity to sue and that the facts stated in the complaint failed to constitute a cause of action.

The demurrer was sustained, and the complaint dismissed over appellant's objection and exception.

The statute relied upon by appellant as a basis for her action is act 159 of the Acts of the General Assembly of 1915, entitled "An act to remove the disability of married women in the State of Arkansas," as amended by § 5577 of Crawford & Moses' Digest, which reads as follows:

"Every married woman and every woman who may in the future become married shall have all the rights to contract and be contracted with, to sue and be sued, and in law and equity shall enjoy all rights and be subjected to all the laws of this State as though she were a *feme sole;* provided, it is expressly declared to be the intention of this act to remove all statutory liabilities of mar-

ried women as well as common-law disabilities, such as disability to act as executrix or as administratrix as provided by § 6 of Kirby's Digest, and all other statutory disabilities.''

This court ruled in the case of *Fitzpatrick* v. *Owens,* 124 Ark. 167, 186 S. W. 832, following the construction of the Supreme Courts of Connecticut and Oklahoma of statutes not so broad and comprehensive as our statute of 1915, that the purpose and intent of act 159 of the Acts of the General Assembly of 1915 was to complete the work of emancipation of married women so that they might enjoy all the rights in law and equity accorded a *feme sole,* and that in respect to those rights they may even sue their husbands for torts. The Fitzpatrick case was cited with approval by the North Carolina and Wisconsin Supreme Courts in construing their respective statutes removing statutory and common-law restrictions imposed upon married women. *Roberts.* v. *Roberts,* 185 N. C. 566, 118 S. E. 9, 29 A. L. R. 1479; *Wait* v. *Pierce,* 191 Wis. 202, 209 N. W. 475, 48 A. L. R. 276. Appellee argues that in the Fitzpatrick case the rule applies to willful torts only, but no such distinction appears in the decision or the statute construed. If an inference could be drawn that, under the statute of 1915 and the rule announced in the Fitzpatrick case, *supra,* a married woman could not sue her husband for damages resulting from involuntary acts of negligence, certainly it cannot be said any statutory or common-law restrictions prevent her from bringing such a suit after the amendatory act of 1919 emancipating a married woman from all disabilities was passed. Under both the act of 1915 and 1919, married women became wholly independent of the doctrine of marital unity. They can now enter into marriage contracts without fear of their property or personal rights being lawfully abridged by an antagonistic public policy.

On account of the error indicated, the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

HART, C. J., (dissenting). Judge BUTLER and I think that basing the majority opinion on *Fitzpatrick* v. *Owens,* 124 Ark. 167, 186 S. W. 832, is an apt illustration of the adage that reasoning by analogy is oftentimes dangerous. By the common-law the husband and wife were deemed to be one person, and no suit at law of any character could be maintained by one against the other. *Countz* v. *Markling,* 30 Ark. 17; and *Peters* v. *Peters,* 156 Cal. 32, 103 Pac. 219; 23 L. R. A. (N. S.) 699.

The husband, however, was liable in equity in certain cases to the wife where he was attempting to defraud her in her property right; and he was also liable to punishment criminally for a felonious assault upon her.

In *Fitzpatrick* v. *Owens,* 124 Ark. 167, 186 S. W. 832, the question presented was as to the liability of the husband for a felonious assault upon his wife, resulting in her death. The husband was held liable on the ground that our Married Woman's Act gave her the right in a civil action to damages, since she already had the right to have her husband punished criminally. In other words, at the time the statute was enacted, it was illegal for a husband to assault his wife; and the Married Woman's Act gave her a remedy to sue at law where before her only remedy was to have her husband arrested and punished criminally. His act was just as illegal before as after the passage of the act; and the act gave her a civil remedy where she had none before.

We do not think the act, as construed in that case, is broad enough to allow the wife the right to maintain an action against the husband for negligence merely. As said in *Newton* v. *Weber,* 194 N. Y. Supp. 113, the maintenance of an action of this character, unless the sole purpose be a raid upon an insurance company, would not add to conjugal happiness and unison, which it is the policy of the law to further and to promote. That this view is in accord with the weight of authority may be seen from reference to 6 A. L. R. 1038; 29 A. L. R. at 1492, and 33 A. L. R. at 1406.

The common-law incidents of marriage are swept away by express statutes only; and the common-law unity of husband and wife still exists in this State except in so far as expressly changed by statute. *Kies* v. *Young,* 64 Ark. 381, 42 S. W. 669, 62 Am. St. Rep. 198; and *Parrish* v. *Parrish,* 151 Ark. 161, 235 S. W. 792. Broad as our statute is, as already construed, we do not think that it was the intention of the Legislature, as expressed in the Married Woman's Act, to give her the right to sue her husband with whom she is living in lawful wedlock for a negligent tort committed by him, such as the one under consideration in this case. Therefore, we respectfully dissent.