## Broaddus v. Wilkenson.

Feb. 6, 1940.

O. B. Bertram for appellant.

Hurt & Hurt for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing.

The appellant, who was plaintiff below, brought this action in the Adair circuit court against appellee, defendant below, to recover of him damages for personal injuries sustained by plaintiff as result of an automobile accident. We will refer to the parties as plaintiff and defendant according to their respective positions in the lower court.

The substance and effect of plaintiff's petition is, that in January, 1938, while she was riding in an automobile owned by the defendant at a time when defendant was riding in the automobile which was under the control of the defendant and being driven by the agent of the defendant, it was so carelessly and negligently operated by the agent of defendant that it was caused

**to turn over,** which could by the exercise of ordinary care on the part of the defendant and his agent in the operation of the automobile, have been avoided. She described her injuries and alleged that they were caused by the carelessness and gross negligence of defendant and his agent.

Defendant filed his answer in which he alleged that on the occasion alleged in plaintiff's petition the defendant and the plaintiff and plaintiff's husband, A. S. Broaddus, were riding in an automobile owned by the defendant and being driven and operated by the husband of plaintiff, and at the time when the automobile was turned over defendant was riding on the rear seat of the automobile and plaintiff and her husband were riding on the front seat and that the husband of plaintiff was driving the automobile; that even if it be true that the automobile was caused to and did turn over by reason of the careless and negligent operation of same resulting in plaintiff's alleged injuries, such was a result of the careless and negligent operation of it by the husband of plaintiff; that at the time said automobile was caused to and did turn over and injure plaintiff, the plaintiff and her husband, A. S. Broaddus, who was driving and operating the automobile as stated above, were then and now are living and cohabiting together as husband and wife, and that by reason thereof the plaintiff has not the legal capacity to sue her husband on the cause of action set out in her petition, or to maintain this action against defendant. He pleaded and relied on such legal incapacity of plaintiff to sue her husband or to maintain this action against him as a defense to same.

Paragraph two of the answer was mainly a traverse of the allegations of the petition, and paragraph three was a plea of contributory negligence.

The plaintiff filed general demurrer to the first paragraph of the answer and without waiving same she filed her reply denying the plea of contributory negligence and by agreement of the parties all affirmative matters contained in the pleadings that had not been controverted by pleading were controverted of record and the cause was then submitted to the court for judgment upon demurrer to the first paragraph of the answer, which demurrer the court overruled and plain-

tiff failing to plead further judgment was entered dismissing the petition. Plaintiff appeals.

Plaintiff asks for a reversal upon two grounds, (a) that by reason of the order controverting the allegations of the answer the court should have put defendant upon proof of his defense and the case submitted to the jury, unless the proof established that appellant was injured at a time when her husband was operating the automobile and as a matter of law she could not maintain her action for that reason; (b) although plaintiff's husband was driving the automobile as agent or employee of defendant at the time of the accident, such does not destroy her cause of action against the principal of her husband.

Counsel do not seriously stress the question indicated in ground (a) relating to the practice of the case, but rest their case upon ground (b), viz., whether or not as a matter of law plaintiff's right of action against defendant is barred or denied to her because her husband was the agent or servant of the defendant. Or, stated differently, whether or not paragraph one of the answer stated a defense.

Neither the husband nor wife could sue the other in tort at common law and this rule has not been abrogated by statute in this jurisdiction and is still in force. Dishon's Adm'r v. Dishon's Adm'r, 187 Ky. 497, 219 S. W. 794; Louisville & Nashville Railroad Company v. Kinman, 182 Ky. 597, 206 S. W. 880.

The precise question here involved has not heretofore been determined by this court but it has been passed upon in many other jurisdictions, and it appears that the authorities are in conflict—some holding that since neither spouse can sue the other in tort this immunity is extended to the principal of the spouse when the latter is acting as agent or servant of another.

Defendant relies upon the cases of Riser v. Riser, 240 Mich. 402, 215 N. W. 290, and Mary S. Maine v. James Maine & Sons Company, 198 Iowa 1278, 201 N. W. 20, 37 A. L. R. 161. The Riser case appears to be in point with the case at bar. The wife, riding in an automobile owned by a third party and driven by her husband, was injured by the overturning of the automobile and she brought suit to recover damages from the owner of the automobile who was present and riding

in the automobile at the time the accident occurred, on the theory that her husband was acting as the agent of the owner and the negligence of the husband should be imputed to the owner. The Michigan court held that since plaintiff had not legal capacity to maintain the action against her husband in such a state of case, and there being no liability on the husband's part, there was none on the part of the owner of the automobile who could only be liable under the doctrine of imputed negligence. The holding of the other case cited, Maine v. Maine, etc., Co., Iowa, supra, was based upon the same ground.

We are unable to agree with the Michigan and Iowa courts upon the reason on which those opinions are based. It appears that those cases are based upon the doctrine of imputed negligence which is not here applicable. The question is one of immunity, and whether or not the immunity of the husband is extended to the principal. The immunity of the husband is not based upon whether or not he was negligent but upon the ground of public policy of preserving domestic peace and felicity. Hensel v. Hensel Yellow Cab Co., 209 Wis. 489, 245 N. W. 159. It appears that the weight of authority is to the effect that the marital immunity of a spouse does not mean that there is no right of action, but merely denies the remedy as against the spouse, and does not destroy the right of action against the master. McLaurin v. McLaurin Furniture Co., 166 Miss. 180, 146 So. 877.

In 116 A. L. R. beginning at page 646 will be found an exhaustive annotation of cases dealing with the question here involved. It is pointed out in that annotation that in Section 217 of the Restatement of Law of Agency by the American Law Institute, that a master or other principal is not liable for acts of a servant or other agent which the agent is privileged to do although the principal himself would not be so privileged; but he may be liable for an act as to which the agent has a personal immunity from suit, and in comment it is said:

"If an agent has an immunity from liability as distinguished from a privilege of acting, the principal does not share the immunity. Thus, as a servant, while acting within the scope of employment, negligently injures his wife, the master is subject to liability."

It is further said in the same authority that the above statement appears to be in accord with the better reasoned cases in which it is held that the fact that a wife cannot recover from her husband does not relieve his employer from liability for an injury to her resulting from her husband's negligence while acting within the scope of his employment. The cases cited in behalf of appellee are referred to and discussed in the annotation cited above, wherein it is said:

"These cases do not distinguish between liability and negligence. Of course, in the character of case here under consideration, if the servant were not negligent, it logically follows that in such case the master could not be negligent. The proposition demonstrates itself. However, it does not follow that, because the servant may, because of some plea as that of coverture between husband and wife, escape liability for his negligence, his master would have accorded to it the servant's protection in the law by virtue of public policy.

"The wrong would be existent; the servant's tort is that of the master; the remedy to the wife would be available as against the master; and the acquittal of the husband because the wife is denied a remedy would not avail the master against whom the remedy is untrammeled. It remains the unlawful act of both the master and the servant; and, although the remedy is denied the wife as against her husband, the fact of that denial cannot, in logic, be available to the master for his independent and distinct liability. The tortious act of the servant is none the less unlawful, although the wife is denied a remedy in the courts therefor. In line therewith, we are therefore of the opinion that if, in a case where the tortious act of the servant is the act of the master, the master is liable proximately even though the wife may not recover from the husband, the servant. She is merely denied a remedy; this does not destroy the right of action against the master."

Many other cases are cited in that annotation which are in accord with the principles quoted above. One well reasoned case on this subject is Schubert v. August Schubert Wagon Company, 249 N. Y. 253, 164 N.

E. 42, 64 A. L. R. 293, written by Justice Cardozo, to which reference is sufficient without copying or quoting therefrom. We think that opinion together with other authorities herein referred to is conclusive of the question here involved, according to the great weight of the authority, which as stated above supports the contention of plaintiff that the immunity of her husband is not extended to the defendant.

Defendant also discusses the question of contribution—insisting that if plaintiff be permitted to recover of defendant, then defendant could sue plaintiff's husband for contribution and plaintiff would thereby be permitted to do indirectly which she cannot do directly, citing Emerson v. Western Seed & Irrigation Company, 116 Neb. 180, 216 N. W. 297, 56 A. L. R. 327, which is the only authority cited in support of that contention. It will be observed that there was a dissenting opinion in that case.

In the annotation in 56 A. L. R. beginning on page 331, the Emerson case, supra, is referred to. It is noted in that annotation that the Emerson case is in conflict with the Schubert v. August Schubert Wagon Company case, supra, and other like and similar authorities wherein it is held that the husband's immunity cannot be extended to his principal, without any reference to the question of contribution. It appears to us that contribution is a question collateral to the main issue here involved and we do not think that in this class of actions the court is authorized to anticipate or assume that the principal could and would sue for contribution and thereby determine a question not involved.

It follows, therefore, that paragraph one of the defendant's answer stated no defense to plaintiff's cause of action alleged in her petition and the court should have sustained the demurrer thereto.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.

Whole court sitting.