Emily G. Wikoff, as Administratrix ad Prosequendum and as Administratrix, etc., of John H. Wikoff, Deceased, Respondent, *v.* Joseph Hirschel, Appellant.

First Department, May 1, 1931.

*E. J. Dimock* of counsel [*Barent L. Visscher* and *M. M. Frogate* with him on the brief; *Hawkins, Delafield & Longfellow,* attorneys], for the appellant.

*Morris A. Wainger* of counsel [*John C. Robinson,* attorney], for the respondent.

O'Malley, J.   This is a statutory death action predicated upon the statutes of New Jersey.*   It arises out of a collision in that State between an automobile in which plaintiff's intestate was a passenger, and one belonging to this defendant.

While a rather broad notice of motion was served to dismiss the complaint, but one ground is urged on this appeal.   It is to the effect that the New Jersey statutes giving the right of action provide for a procedure not recognized by the laws of this State and to which our courts should not lend aid and assistance.

We consider only this point.   Questions as to the capacity of the plaintiff to institute the action, misjoinder or defect of parties are matters outside this appeal and should be otherwise raised if they exist.

---

* Compiled Statutes of New Jersey, pp. 1907–1911.

The New Jersey statutes, as pleaded, give a right of action for death caused by negligence. The amount recovered is for the exclusive benefit " of the widow, surviving husband, and next of kin of‗ such deceased person, and shall be distributed to such widow, surviving husband, and next of kin, their proportion provided by law in relation to the distribution of personal property left by persons dying intestate; * * * provided, that where such a deceased person has left or shall leave him or her surviving a widow or husband but no children or descendant of any children and no parents, the widow or surviving husband, as the case may be, shall be entitled to the whole of the damages which she or he shall sustain, and which shall hereinafter be recovered in any such action, and the same shall be paid to her or to him * * *."

A supplemental and procedural statute (New Jersey Laws of 1917, chap. 180) provides: " Every action, * * * brought, instituted or made under and by virtue of the remedy given by the act to which this is a supplement shall be brought, instituted or made in the name of an administrator *ad prosequendum* of the decedent * * * and provided, further, that where such action is brought or proceeding instituted or claim made by an administrator *ad prosequendum* no payment in settlement of any such claim or in satisfaction of any judgment obtained in any such action, * * * shall be made to such administrator *ad prosequendum*, but such payment shall be made in such settlement, or in such satisfaction, only to a general administrator, who has given bond as required by law and who has been appointed on a petition which recites the amount to be so paid in settlement or in satisfaction of such judgment, or to one who has been appointed and who has filed with the tribunal appointing him, a supplemental bond with two able sureties, * * *; and no release by any administrator *ad prosequendum* and no cancellation of a judgment, whether by warrant or otherwise, by an administrator *ad prosequendum* or by his attorney of record, or attorney in fact, shall release the person making such payment from any liability * * * under the act to which this act is supplement, or operate as a valid cancellation of such judgment or as authority to any clerk of any court or county to cancel such judgment of record."

We are of opinion that, though the plaintiff is a non-resident, our courts should assume and retain jurisdiction of the action. While the right given may differ from a right in like circumstances given by our laws, or even though we did not give a like or similar right, such is not itself sufficient for refusing aid to the plaintiff. Her right of action is not predicated upon our laws, but upon the laws of a sister State. We should aid her in the enforcement

of her right unless such is against our public policy or unless our courts have not the proper machinery to effectually carry it out.

As was stated in *Loucks* v. *Standard Oil Co.* (224 N. Y. 99, 110, 111): " Our own scheme of legislation may be different. We may even have no legislation on the subject. That is not enough to show that public policy forbids us to enforce the foreign right. A right of action is property. If a foreign statute gives the right, the mere fact that we do not give a like right is no reason for refusing to help the plaintiff in getting what belongs to him. We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home. * * * The courts are not free to refuse to enforce a foreign right at the pleasure of the judges, to suit the individual notion of expediency or fairness. They do not close their doors unless help would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal."

The right of action given by the New Jersey statutes certainly does not offend our sense of justice or menace the public welfare.

So far as the procedure is concerned no difficulty confronts us, particularly at this time. There are no special remedies established by the New Jersey law incapable of adequate enforcement outside of that State. True it is that the administratrix *ad prosequendum* may not collect or satisfy the judgment, but that is no unsurmountable obstacle. In our own procedure we are quite familiar with letters of limited administration, restricted to the bringing of a like action. In the present case the alleged procedural difficulties well might be met by an assignment of judgment to the general administratrix or an ancillary party appointed by our courts, or by making a party to this action an ancillary administratrix with the power to collect any judgment, or to satisfy the same in conformity with the New Jersey law. But these are questions which need not be decided at this time; their possibility need only be suggested. Procedural difficulties are of little moment, in view of the provisions of sections 105 and 192 of the Civil Practice Act, and kindred sections. But assuming that some difficulty in this respect may be encountered, the plaintiff's position cannot be improved by sending her to another State where the defendant may not be found and suit may be impossible. (*Loucks* v. *Standard Oil Co.*, *supra*, 112.)

The case relied upon in the dissenting opinion, *Slater* v. *Mexican National R. R. Co.* (194 U. S. 120), is not here controlling. Indeed, the appellant admits that it is in no wise binding but has been cited merely as enunciating a general rule. In that case the Mexican law, giving the right, contemplated a decree analogous to a decree

for alimony in divorce proceedings, one with periodical payments and subject to modification from time to time as the circumstances might change (p. 128). Here, the right calls for the awarding of a fixed lump sum, subject to no change through any circumstances that might arise thereafter.

It follows, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days upon payment of said costs

FINCH, P. J., MARTIN and SHERMAN, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting). Plaintiff has brought action in the New York courts to recover damages for the death of her intestate. She sues under the so-called New Jersey " death statute " as administratrix *ad prosequendum*, a representative capacity unknown to our laws. Under the New Jersey statute, if successful, plaintiff may not receive the damages recovered, but the same must be paid to another and different representative of the deceased, who alone can satisfy any judgment recovered. In my opinion an action brought under the New Jersey statute by a personal representative known only to the law of that State must be prosecuted there  The New York statutes provide no machinery for the enforcement of the New Jersey statute. The plaintiff is an officer created under the New Jersey death law, and is an officer separate and distinct from the general administrator. The functions of the two administrators are entirely different. They receive separate letters from the court appointing them. The statute of New Jersey provides that only an administrator *ad prosequendum* may sue. She cannot collect a judgment recovered. Such judgment may only be collected by a general administrator — a representative separate and distinct from the plaintiff in the action. Under the New York statutes no one except a judgment creditor may enforce a judgment recovered. Our laws are entirely inapplicable to the enforcement of the New Jersey statute. I think plaintiff has no jurisdiction to sue outside the State of New Jersey. This principle seems to have been applied in the death action of *Slater* v. *Mexican National R R. Co.* (194 U. S. 120), arising under the statutes of Mexico. In that case the plaintiff sued for money damages in the State of Texas. The Mexican statutes contained unique provisions as to payments to dependents of the deceased. The Texas law contained no such provisions and the court refused to permit a recovery.

At common law, no cause of action existed to recover for death by reason of negligence. The only authority in this State for such

an action is to be found in section 130 of the Decedent Estate Law (as added by Laws of 1920, chap. 919), which provides that only a general executor or administrator of a decedent who has left him or her surviving a husband, wife or next of kin may maintain an action for damages for negligence causing decedent's death, and by section 133 of the same law (added by Laws of 1920, chap. 919, as amd. by Laws of 1929, chap. 229), it is provided that the damages recovered must be distributed by the plaintiff in such action as in said last-mentioned section provided. Manifestly such machinery provided by the New York statutes cannot be used by the plaintiff in this action.

I am, therefore, compelled to dissent and vote to reverse the order appealed from and grant defendant's motion to dismiss the complaint.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.