EMMY MERTZ, Plaintiff, *v.* FRED MERTZ, Defendant.*

Supreme Court, New York County, December 3, 1935.

*Joseph L. Roesch* [*Irving I. Goldsmith* of counsel], for the defendant, for the motion.

*Glasser & Newmark* [*Israel Hoffman* of counsel], for the plaintiff, opposed.

ROSENMAN, J. The plaintiff, who is the wife of the defendant, brings this action to recover damages for personal injuries sustained through the alleged negligence of her husband in the operation of an automobile in which she was a passenger. At the time of the accident complained of the parties were traveling in Connecticut. Issue having been joined, the defendant now moves for judgment on the pleadings dismissing the complaint on the ground, *inter alia*, that this court has no jurisdiction of the subject of the action.

The law of the State of Connecticut permits a wife to sue her husband for personal injuries. (*Kalmian* v. *Kalmian*, 107 Conn. 86; 139 A. 635; *Bushnell* v. *Bushnell*, 103 Conn. 583; 131 A. 432.) In this State, however, a wife may not maintain an action for personal injuries against her husband whether negligent or willful. (*Caplan* v. *Caplan*, 268 N. Y. 445; *Schubert* v. *Schubert Wagon Co.*, 249 id. 253; *Allen* v. *Allen*, 246 id. 571.)

It is true that in a transitory action such as this, the *lex loci delicti commissi* governs the substantive rights and obligations between the parties. (*Fitzpatrick* v. *International Railway Co.*, 252 N. Y. 127.)

*Affd., —— App. Div. ——.

This principle is subject to the qualification that a court will not accept jurisdiction to enforce a foreign cause of action which is repugnant to the public policy of the forum. (*Herzog* v. *Stern,* 264 N. Y. 379; *Loucks* v. *Standard Oil Co.,* 224 id. 99, 106; *Wikoff* v. *Herschel,* 232 App. Div. 193; affd., 258 N. Y. 28.)

Accordingly, the only pertinent inquiry is whether the cause of action asserted offends our public policy to so great an extent that the court is without jurisdiction to entertain it. Whether citizens of this State, married to each other, may resort to our courts for redress against personal torts is essentially a matter of policy. Intrinsically it is a domestic concern without regard to. the law of a sister State. The same considerations which bar a suit arising within the State between husband and wife, foreclose a similar suit in our courts based on a foreign cause of action.

In our State, certain archaic legal formulæ arising from the marital relationship have been abolished by legislation. Our courts have held, however, that not all have been swept aside. At least one which has withstood repeated and numerous court attacks has been the disability of husband and wife to sue each other for personal injuries. Whether the reason for it has been the common-law fiction of unity or a desire to minimize marital disputes, the Legislature confronted by a long line of decisions to this effect has refused to change the rule by statute. Therefore, the policy enunciated by the courts has been acquiesced in, if not actually approved, by the Legislature. (*Newton* v. *Weber,* 119 Misc. 240, 241; *Caplan* v. *Caplan, supra; Allen* v. *Allen, supra.*) Nowhere else can we turn for a statement of New York policy. (See *People* v. *Martin,* 175 N. Y. 315, 321.)

The public policy of a State is not susceptible of precise delineation or definition. In a positive sense it finds expression in legislative enactments and judicial determinations, prohibiting or prescribing a certain course of conduct on the part of the inhabitants of a State. (*Straus & Co.* v. *Canadian Pacific Ry. Co.,* 254 N. Y. 407.)

In this connection, it is most significant that the courts of the State of Connecticut in construing its so-called " Married Women's Act " has held that that legislation initiated a fundamental change of *public policy* so as to permit suits between spouses for personal torts. (*Brown* v. *Brown,* 88 Conn. 42, 44; 89 A. 889.) The courts of this State interpret a substantially similar enactment otherwise. (*Perlman* v. *Brooklyn City R. R. Co.,* 117 Misc. 353; affd., 202 App. Div. 822.)

The Connecticut law is contrary to our settled policy and accordingly the present suit may not be maintained.

Order signed.