**SOUTHEASTERN GREYHOUND LINES et al. v. McCAFFERTY.**

No. 10584.

Circuit Court of Appeals, Sixth Circuit.

June 3, 1948.

Rehearing Denied Aug. 23, 1948.

Writ of Certiorari Denied Nov. 8, 1948.

See 69 S.Ct. 136.

R. W. Keenon, of Lexington, Ky. (James Park, Stroll, Muir, Townsend, Park & Mohney, and Keenon & ODear, all of

Lexington, Ky., and Bell, Stagner & Orr, of Bowling Green, Ky., on the brief), for appellants.

Cecil C. Wilson, of Glasgow, Ky. (Wilson & Wilson and George J. Ellis, Jr., all of Glasgow, Ky., on the brief), for appellee.

Before HICKS, SIMONS and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

Suit by appellee, McCafferty, against appellants, Southeastern Greyhound Lines, a common carrier of passengers and herein called Southeastern, and G. D. Masters, the operator of one of Southeastern's motorbusses, for damages for personal injuries and to appellee's automobile, caused by the alleged negligence of Masters in the operation of the motor bus. Appellants denied the material allegations of the complaint and for further answer pleaded contributory negligence.

The case proceeded to trial. There was no motion by appellants for a directed verdict either at the close of appellee's evidence or at the close of all the evidence. There was no exception to the charge touching any matter involved here. At the conclusion of the charge the court furnished the jury with a blank form for its verdict, which read as follows:

"Civil Docket No 261

Frank A. McCafferty, .......... Plaintiff
          vs.
Southeastern Greyhound Lines
and J. D. (Happy) Masters,..Defendants
   "We, the Jury find for the ———

———————————————
                         "Foreman"

The form of verdict was also submitted to opposing counsel and there was no objection to it. The verdict returned was in the following form, to wit:

" * * *

Frank A. McCafferty........... Plaintiff
          vs.
Southeastern Greyhound Lines
and J. D. (Happy) Masters..Defendants
We, the Jury find for the plaintiff
   Dr. Bill              $   195.00
   Hospital                 210.00

| | |
|---|---:|
| Loss of Work | 600.50 |
| Loss of Car | 1,000.00 |
| Suffering | 2,000.00 |
| Permanent physical injuries | 8,000.00 |
| | $12,005.50 |

   /s/  J. A. Ogden, Foreman
Date:  May 23, 1947"

When the jury returned the verdict, the court said: "Read the verdict, Miss Harris, please." Presumably, Miss Harris was a deputy clerk. She omitted the style of the case as it appeared on the form used and read as follows:

"Verdict of the Jury

"We, the Jury find for the plaintiff:

| | |
|---|---:|
| "Doctor bill | $   195.00 |
| Hospital bill | 210.00 |
| Loss of work | 600.50 |
| Loss of car | 1000.00 |
| Suffering | 2000.00 |
| Permanent physical injuries | 8000.00 |
| Total | $12,005.50 |

"Signed by the Foreman, J. A. Ogden."

The verdict and judgment was entered on the record. The judgment, so far as is material, was as follows:

"It is therefore adjudged by the court that the plaintiff do have and cover of the defendant, Southeastern Greyhound Lines, the sum of $12,005.50, with 6% per annum interest thereon from May 23, 1947, until paid, the cost of this action. * * *"

Appellant, Southeastern, at that time, May 23, 1947, made no motion to direct a verdict, notwithstanding the verdict of the jury. On May 26, following, it entered a motion for a new trial, which was overruled on May 28th.

The motion for a new trial was based on the following grounds,—(1) that the verdict was contrary to law; (2) that it was not supported by the evidence; (3) that the evidence was insufficient, in certain particulars, to justify the verdict; (4) that the verdict was excessive; and (5) that the court erred in refusing to instruct the jury that if it should find that the plaintiff was not the owner of the automobile involved it would award him nothing for the damage thereto.

There is nothing in the record to indicate any abuse of judicial discretion in overruling this motion.

On June 21st, Southeastern moved the court to set aside the order overruling its motion for a new trial and grant it an oral hearing thereon. The foundation for this motion was that its liability could only arise through the liability of its co-defendant, Masters, its servant and employee; and the jury having returned no verdict against Masters, no judgment should be entered against it. The court granted the oral hearing but declined to set aside the judgment. It amended the judgment by incorporating therein the form of the verdict as it was returned without the omission heretofore noted. The court declined to allow an additional and supplemental motion to be filed, presumably on the ground that it was but an extension and amplification of the motion of June 21st.

■ We think there was no error in this action of the court. The motion of June 21st was in substance a motion for judgment notwithstanding the verdict. It was unauthorized for two reasons,—(1) because appellant, Southeastern, had never moved for a directed verdict at any time during the progress of the trial; and (2) because it was filed more than ten days after verdict. See Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ But, passing over these provisions of Rule 50(b) and considering the form of the written verdict, it is crystal clear that no verdict either of liability or of non-liability was returned against Masters, the employee. This is made manifest by the fact that the jury had stricken from the caption of the verdict the name "J." (sic) "D. (Happy) Masters". The verdict as rendered constituted a mistrial as to him. It furnishes no basis for a judgment that he was not liable and that therefore his employer, Southeastern, was not liable.

■ We repeat, that the motion of June 21st was in substance a motion for judgment, notwithstanding the verdict, and if timely filed, the court would be required to determine it like any other motion for verdict, i. e., upon a consideration of the entire evidence. We do not approve the form of the verdict against Southeastern as being clearer than other forms that might have been used, but, after all, it was a form furnished by the court with no objection from counsel, and was a verdict. We have examined the record and conclude that there was evidence to sustain it. There was substantial evidence that the negligence of Masters, the employee of Southeastern, in failing to use due care to prevent the collision, was the proximate cause thereof, and it necessarily follows that under the doctrine of respondeat superior Southeastern was liable. As a matter of procedure appellee was not required to sue both Southeastern and Masters. He could have sued them separately; or jointly, as he did here. If he prosecuted his action against Masters as an individual he would be required to show by the weight of the evidence that Masters' negligence was the proximate cause of the accident. If he prosecuted his action jointly he would be required to establish by the weight of the evidence that Masters, as the agent and employee of Southeastern, was negligent and the law would attribute his negligence as an employee to Southeastern. He was not required to obtain a verdict and judgment of liability against Masters individually as a prerequisite to recovery against Southeastern.

■ On July 11, 1947, Masters, himself, moved the court to dismiss the complaint against him. This motion was properly denied. There had been no verdict either for or against him. We do not consider the question whether the court should have entered a mistrial as to him because that question is not before us.

■ Our conclusion is that the judgment against Southeastern, herein appealed from, should be and is in all things affirmed, and that the appeal of Masters be and the same is dismissed. The order from which he undertook to appeal is not a final order.