**HORNE v. HALL et al.**

Court of Appeals of Kentucky.
Nov. 9, 1951.
Rehearing Denied March 14, 1952.

442

French Hawk, Whitesburg, Jess J. McCoy, Princeton, W. Va., for appellant.

C. W. Napier, Hazard, Emmett G. Fields, Whitesburg, for appellees.

WADDILL, Commissioner.

The question presented for review is whether the court committed error in directing a verdict in favor of appellee, Charlie Hall.

Appellant brought this action for damages against appellee and Jimmie Craft for personal injuries sustained in a collision between appellee's truck, driven by Jimmie Craft and the automobile of H. H. Hall, in which appellant was a passenger. Appellant recovered a judgment of $10,000 against Craft. The court absolved appellee of liability by peremptorily instructing the jury to return a verdict in his favor.

There is no dispute about the facts relating to the question under consideration. Appellee employed Craft to drive a truck that was used for hauling coal from appellee's mines at Colley, to a ramp located at Mayking, a distance of about three miles. Craft received wages of $8 a day; he was required to begin work early in the morning and to haul coal until the ramp closed in the afternoon. Appellee instructed Craft to leave the truck after work at the home of appellee's father which was located between the mines and the ramp. On the morning of the third day of his employment, Craft said he noticed that the motor of the truck was "getting hot," so he drove it to a filling station to have the "radiator boiled out." While Craft was having the radiator flushed, appellee arrived and wanted to know what Craft was doing there, and upon being informed, said that any work to be done on the truck should be done after working hours. Appellee further said, "you know positive that my truck's not heating, its got the ammeter torn up on it and sets over on hot." Craft returned to work and after completing his hauling for the day drove the truck from the mines to the highway at Mayking and after having traveled several miles, had a collision with the automobile driven by H. H. Hall.

The following questions and answers appearing in Craft's testimony regarding the purpose for which he was using the truck, are significant.

"Q. It was no errand of your own, except to repair his own truck? A. All I know the truck won't run, it gets hot and stops the radiator up. That morning it

was getting hot, that day it was getting hot and I thought I would take it to the filling station.

"Q. That was Charlie Hall's truck—you were not on any errand of your own? A. He didn't tell me to bring it. I took it on my own accord, to bring it down there.

"Q. That followed that conversation this morning? A. It was that evening—naturally.

"Q. For whose benefit were you having it repaired? A. To my own benefit as much as anyone. I was working for a living."

The case, insofar as it relates to appellee, is predicated upon the doctrine of respondeat superior. Under this doctrine the master is liable for the negligent acts or omissions of his servant while acting as such and within the scope of his employment. The test as to the liability of the master is whether the servant was guilty of negligence in the doing of his master's work and whether the master had the right or power to control the servant in the performance of the act which caused the injury. Whether or not a certain course of conduct by a servant constitutes negligence must be determined by the standards fixed by law without regard to any private rules of the master regulating the conduct of his servant. 57 C.J.S., Master and Servant, § 571, page 315; Wells v. Combs, 251 Ky. 479, 65 S.W.2d 468; Dr. Pepper Bottling Co. of Kentucky v. Hazelip, 284 Ky. 333, 144 S.W.2d 798.

It is the province of a jury to pass upon and decide questions of evidence, if the evidence is contradictory or conflicting. In the case at hand the facts are undisputed. Therefore, the question presented is one of law to be determined by the court. Morris' Adm'r v. Louisville & N. R. Co., 61 S.W. 41, 22 Ky.Law Rep. 1593; Stacy v. Williams, 253 Ky. 353, 69 S.W.2d 697.

Cases of this type must be decided on their own peculiar facts and circumstances. Applying the principles discussed herein to the case under consideration we find that Craft's working hours had ended prior to the accident. He was at liberty from service. The trip was not within the scope of his regular duties and was made without appellee's knowledge or consent. He was not subject to his master's orders or control. The court correctly found as a matter of law that at the time of accident Craft was engaged in a mission of his own. To hold a master liable whenever a servant, while exercising his own judgment, does an act after the working day is completed that may remotely be beneficial to his master, would in our opinion, be an unreasonable application of the rule.

Judgment affirmed.