**Carol D. FLOYD, Appellant,**

v.

**HUMANA OF VIRGINIA, INC., d/b/a Humana Hospital University, Appellee.**

**Carol D. FLOYD, Appellant,**

v.

**UNIVERSITY OF LOUISVILLE and University of Louisville Hospitals, Inc., Appellees.**

Nos. 88–CA–002602–MR, 88–CA–002431–MR.

Court of Appeals of Kentucky.

Dec. 15, 1989.

Case Ordered Published by Court of Appeals Jan. 26, 1990.

Discretionary Review Denied by Supreme Court May 16, 1990.

Kevin George, A. Caroline George, Louisville, for appellant.

Frank P. Doheny, Jr., Jann B. Logsdon, Woodward, Hobson & Fulton, Roy Kimberly Snell, Louisville, for appellee Humana of Virginia, Inc.

Ben J. Talbott, Jr., Timothy J. Salansky, Westfall, Talbott & Woods, Thomas H. Lyons, Louisville, for appellees University of Louisville and University of Louisville Hosp., Inc.

Before CLAYTON, DYCHE and LESTER, JJ.

DYCHE, Judge.

Carol D. Floyd, the appellant, was admitted to Humana Hospital University July 11, 1984, on transfer from Saint Anthony's Hospital. She was in the latter stages of pregnancy, and was experiencing some symptoms of imminent delivery of her child.

While undergoing preparation for, and actual execution of, Caesarean delivery of that child, she was administered an anaesthetic which she claims caused her to suffer permanent injury.

To seek compensation for this alleged injury, Floyd filed an action in the Jefferson Circuit Court on July 10, 1985, naming, among other defendants: Humana of Virginia, d/b/a Humana Hospital; Humana, Inc.; University of Louisville Hospital, Inc., d/b/a Humana Hospital University; University of Louisville; and Dr. Linda Lucas. The complaint alleged negligence by Dr. Lucas in administration of the anaesthesia and that Dr. Lucas was "an actual or apparent agent, servant and/or employee of the defendants Humana of Virginia, Inc., Humana, Inc., and the University of Louisville Hospital, Inc., and the University of Louisville," all of whom Floyd claimed were liable for her negligence. The complaint further alleged that Humana, Inc. and/or Humana of Virginia, Inc., d/b/a Humana Hospital University, were liable to Floyd by reason of the fact that "other unknown physicians and/or other hospital employees, agents or servants or apparent employees, agents, servants of the defendant, Humana, Inc., and/or Humana of Virginia, Inc., d/b/a Humana Hospital Univer-

sity, negligently treated the plaintiff" causing her injuries. No further allegations were made in the original complaint against University of Louisville Hospital, Inc. or University of Louisville.[1]

As discovery in this action developed, it became readily apparent that Dr. Lucas performed none of the acts pertaining to the injuries alleged by Floyd; accordingly, on July 27, 1988, summary judgment in favor of Dr. Lucas was granted by the trial court. On September 30, 1988, University of Louisville and University of Louisville, Inc. were granted summary judgment by the court. The grounds for this summary judgment, as best can be ascertained from the record, were that the only allegations against these defendants were vicarious liability for the acts of their employee, Dr. Lucas; that employee having been found to be free of negligence, the employer/master was therefore not to be held liable, absent any independent negligence. *Copeland v. Humana of Kentucky, Inc.*, Ky.App., 769 S.W.2d 67 (1989).

The final defendant with which we are concerned herein, Humana of Virginia, was granted summary judgment by the court on November 18, 1988, on the grounds that no actual or apparent master/servant or employer/employee relationship existed between that defendant and any of the physicians alleged in the complaint to have been negligent in the treatment of appellant. Again, no independent negligence on behalf of that defendant was asserted in the appellant's complaint. On September 30, 1988, appellant moved the court to file an amended complaint which added allegations of ostensible agency and vicarious liability against University of Louisville Hospital, Inc. and the University of Louisville, which motion was denied by the trial court. These appeals followed; they have been consolidated. We affirm.

■ On appeal, Floyd first argues that it was error for the Jefferson Circuit Court to grant University of Louisville and University of Louisville Hospital, Inc. summary

judgments following the dismissal of Dr. Lucas. Floyd attempts to hold those defendants liable for conduct by physicians other than Dr. Lucas. None could dispute that ordinary agency law makes a master liable for the negligent acts of his servant; however, in this case, Floyd alleged no negligent acts of servants of University of Louisville and University of Louisville Hospital, Inc., other than Dr. Lucas. Accordingly, the summary judgment was proper. *Copeland, supra.*

■ Appellant next argues that it was error for the trial court not to permit her to amend her complaint to allege acts of negligence by other servants or employees of University of Louisville and University of Louisville Hospital, Inc. We agree that the trial court has discretion to allow amendments freely when justice so requires, as appellant so urges. In this case, however, it became readily apparent to appellant on March 26, 1986, at the time of the taking of Dr. Lucas's deposition, that Dr. Lucas did not have anything to do with the alleged negligent treatment of appellant and that two other doctors who were employee/agents of University of Louisville and University of Louisville Hospital, Inc. were, if anyone, the responsible parties. No motion or attempt to amend the complaint was made, however, until September 30, 1988, after the complaint against Dr. Lucas and University of Louisville and University of Louisville Hospital, Inc. had been dismissed. We find such a delay unacceptable and the trial court's refusal to allow the amendment no abuse of discretion.

■ In her appeal concerning the dismissal of Humana of Virginia, appellant relies solely on the existence of ostensible agency. Again, we disagree. This argument must fail for several reasons. The original complaint sought to hold Humana of Virginia liable under the theory of ostensible agency for the acts of Dr. Lucas. Even if, for the sake of argument, one would agree that Dr. Lucas might be ostensibly an

1. On August 28, 1985, Humana, Inc. had been granted summary judgment which is not the subject of this appeal.

agent of Humana of Virginia, the fact that Dr. Lucas was found by summary judgment not to be negligent in this case would hold safe Humana of Virginia from liability in the absence of independent negligence (which has not been alleged). *Copeland, supra.* In addition, we find the testimony of the appellant admitting that she had read and signed each of the admission forms to Humana of Virginia Hospital, Inc. d/b/a Humana Hospital University, which indicates her knowledge that the doctors were independent contractors and not agents of the hospital, to be determinative in this case. There was no representation or other action to induce appellant to believe that the physicians were employees or agents of Humana Hospital University; in addition, the admission form which appellant signed specifically indicated same. Accordingly, there can be no valid argument that the ostensible agency doctrine would make Humana of Virginia liable in this case. *Williams v. St. Claire Medical Center*, Ky.App., 657 S.W.2d 590 (1983).

The judgments of the Jefferson Circuit Court are affirmed.

LESTER, J., concurs.

CLAYTON, J., dissents.