**Joseph D. COHEN, Appellant,**

v.

**ALLIANT ENTERPRISES, INC., Appellee.**

No. 2000–SC–0168–DG.

Supreme Court of Kentucky.

Nov. 21, 2001.

---

18. *Id.* at 808–809.

19. *See Id.* at 810:

Edwin Cohen, Cohen & Cohen, Louisville, Counsel for Appellant.

J. Gregory Cornett, Ogden, Newell & Welch, W. Gregory King, Ogden, Newell & Welch, Louisville, Counsel for Appellee.

STUMBO, Justice.

The sole issue in this case is whether a principal can be held vicariously liable for the negligence of its agent when the agent has escaped liability by virtue of the statute of limitations. Appellant sustained an injury to his foot and presented for medical treatment at an immediate care center owned by Appellee, Alliant Enterprises, Inc. in May 1996. At the facility, he was treated by a Dr. Ewing. Dr. Ewing, detecting no foreign bodies in the small puncture wound on the bottom of Mr. Cohen's foot, advised that Mr. Cohen soak his foot in Epsom salts, and seek additional treatment if the foot became infected. Over the next eight months, Mr. Cohen continued to suffer with his foot, and in December 1996, he underwent surgery by Dr. Morton Kasdan. Dr. Kasdan removed a wooden splinter from Mr. Cohen's foot, and opined that Dr. Ewing had been negligent in his treatment of Mr. Cohen, as he should have anesthetized the foot and more fully explored the wound in May of 1996.

Mr. Cohen filed suit against a Dr. Thomas, and, on a theory of vicarious liability, against Alliant Enterprises. Dr. Thomas was named in the suit because his name appeared in type on some of Mr. Cohen's medical reports from the May 6th visit. Dr. Thomas, however, had not treated Mr. Cohen, and the reports were, in fact, signed by Dr. Ewing. When the mistake was discovered, Mr. Cohen filed an Amended Complaint, dismissing Dr. Thomas and leaving Alliant as the only defendant. Mr. Cohen was then unable to add Dr. Ewing as a defendant because the statute of limitations had run as to Dr.

Ewing by the time the mistake was discovered.

Alliant then moved for summary judgment, asserting that, because suit was prohibited against the agent/doctor, due to the statute of limitations, the principal/Alliant could not be held liable under a theory of respondeat superior. The Circuit Court granted the motion, relying upon *Copeland v. Humana of Kentucky, Inc.*, Ky.App., 769 S.W.2d 67 (1989) and *Floyd v. Humana of Virginia, Inc.*, Ky.App., 787 S.W.2d 267 (1989). The Court of Appeals affirmed.

In *Copeland, supra*, a child undergoing corrective eye surgery allegedly suffered brain damage as a result of improperly administered anesthesia. The child's parents entered into a settlement agreement or covenant not to sue with the anesthesiologist. They later brought suit against the surgeon and hospital, on a theory of vicarious liability, based on the actions of the agent/anesthesiologist, and on a theory of independent negligence by the hospital. The hospital moved for, and was granted, partial summary judgment on the vicarious liability claim, with the Court referencing the document executed by the minor child's parents and the anesthesiologist. In affirming the lower court's decision to dismiss the plaintiff's vicarious liability claim, the Court of Appeals stated: "Having agreed not to sue the servant/agent, and made recovery by settlement therefrom, the appellant may not now seek additional recovery from the master/principal based upon the same acts of alleged negligence, whether the document is called a 'release' or 'covenant not to sue'." *Copeland v. Humana of Kentucky, Inc.*, Ky.App., 769 S.W.2d 67 (1989). The case at bar is clearly distinguishable from *Copeland,* in that there has been no settlement of any sort here. The Copelands were able to recover for the negli-

gence of the anesthesiologist/agent via the "release" or "covenant not to sue" and therefore, the vicarious liability of the hospital for the negligent actions of its agent could not serve as a second recovery for the same offending conduct. The fact that Mr. Cohen cannot recover from the agent here does not negate the fact that liability may exist, and that it can be imputed to the principal. It is the negligence of the servant that is imputed to the master, not the liability. "The test as to the liability of the master is whether the servant was guilty of negligence ..." *Horne v. Hall,* Ky.App., 246 S.W.2d 441 (1951).

The preclusion of recovery from an agent based upon a statute of limitations is analogous to prior law in Kentucky that precluded recovery for negligence based upon the theory of interspousal immunity. Even when that doctrine was recognized in Kentucky, such immunity did not enure to the benefit of an employer whose employee negligently injured his or her spouse while in the course and scope of his employment. *Broaddus v. Wilkenson,* 281 Ky. 601, 136 S.W.2d 1052 (1940), *overruled on other grounds* by *Brown v. Gosser,* 262 S.W.2d 480 (1953). Likewise, the fact that an employee is able to escape liability for his alleged negligence because the statute of limitations had run as to him does not also insulate the employer from vicarious liability for that negligence.

The *Copeland* decision also includes the following language: "It matters little how the servant was released from liability; as long as he is free from harm, it appears to us that his master should be blameless.", quoting *Max v. Spaeth,* 349 S.W.2d 1,3 (Mo.1961). Appellee/Alliant argues that this language precludes Mr. Cohen's recovery against Alliant in this instance. However, we believe that this language is *dicta* relating to whether the Copelands had executed a release or a covenant not to sue,

and not, as asserted by Appellee, a preclusion of recovery from a principal, on the theory of vicarious liability, anytime that the agent himself is beyond reach.

In *Floyd v. Humana of Virginia, Inc.,* Ky.App., 787 S.W.2d 267 (1989) a patient again alleged injury caused by the improper administration of anesthesia, and brought medical malpractice actions against the physician and hospital. It was determined that the physician/agent named in the action had not acted negligently, and, on that basis, the plaintiff was precluded from recovering against the hospital under a vicarious liability theory. Again, this case is clearly distinguishable from the case at bar. There has been no finding that Appellee's agent acted without negligence. Clearly, if the agent did not act negligently, there can be no vicarious liability imputed to the principal.

In sum, the case law relied upon by the lower courts in dismissing Appellant's action against Alliant has no applicability here, as the agent's liability has not been released, nor has he been exonerated.

■ Appellant cites *Southeastern Greyhound Lines v. McCafferty,* 169 F.2d 1 (6th Cir.1948), for the proposition that he was not obligated to bring suit against both the principal and agent together to recover under a vicarious liability theory, nor was he required to get a judgment against the negligent agent before the principal could be held vicariously liable. In that case, the Court stated:

> As a matter of procedure appellee was not required to sue both Southeastern [principal] and Masters [agent]. He could have sued them separately; or jointly, as he did here. If he prosecuted his action against Masters as an individual he would be required to show by the weight of the evidence that Masters' negligence was the proximate cause of the accident. If he prosecuted his action

> jointly he would be required to establish by the weight of the evidence that Masters, as the agent and employee of Southeastern, was negligent and the law would attribute his negligence as an employee to Southeastern. He was not required to obtain a verdict and judgment of liability against Masters individually as a prerequisite to recovery against Southeastern.

*Id.* at 3. Thus, a plaintiff may bring suit and recover from the principal under a vicarious liability theory without first filing suit and getting a judgment against the agent. The negligence of Dr. Ewing can be established at trial in Appellant's suit against Alliant. Appellant cites us to an opposite holding of the Delaware Supreme Court, *Greco v. University of Delaware,* 619 A.2d 900 (Del.1993); however, we do not choose to adopt Delaware's position on this issue. At oral argument, Appellee asserted that Mr. Cohen could have proceeded in one of two ways. First, he could have sued the principal only, so long as he did so before the statute of limitations had run as to the agent. Secondly, he could have sued both the principal and the agent together, had he done so properly. However, having filed suit against both the principal and agent, he may not now drop the agent from the suit and proceed against the principal alone. We find no such limitation within the law of Kentucky.

Accordingly, we reverse the decision of the Kentucky Court of Appeals.

LAMBERT, C.J.; GRAVES, KELLER, and WINTERSHEIMER, JJ., concur.

COOPER, J., concurs in result only.
JOHNSTONE, J., dissents by separate opinion.

JOHNSTONE, Justice, Dissenting.

Respectfully, I dissent. The issue in this case is whether an action for vicarious

liability may proceed against the master when the servant is immunized from liability by the statute of limitations. To answer this question in the affirmative, the majority ignores precedent or characterizes holdings as mere dicta. Indeed, the majority opinion does not cite one Kentucky case in which a principal was held responsible without a finding of liability on the part of the servant.

*Copeland v. Humana of Kentucky, Inc.,* Ky.App., 769 S.W.2d 67 (1989), is distinguished on the basis that no settlement or "covenant not to sue" was involved in the case at bar. The *Copeland* court stated:

> It matters little how the servant was released from liability; as long as he is free from harm, it appears to us that his master should also be blameless. *Max v. Spaeth,* 349 S.W.2d 1 (Mo.1961).

> This result is required for either or both of two reasons: "That such a result will avoid circuity of action or that since the liability of the master or principal is merely derivative and secondary, exoneration of the servant removes the foundation upon which to impute negligence to the master or principal." *Holcomb v. Flavin,* 34 Ill.2d 558, 216 N.E.2d 811, 814 (1966).

*Id.* at 69.

The majority dismisses this language as dicta. However, I would submit that the principles expressed were a crucial component of the decision by the Court of Appeals.

*Floyd v. Humana of Virginia, Inc.,* Ky. App., 787 S.W.2d 267 (1989), is distinguished on the ground that there was no finding in *Floyd* that the hospital's agent acted with negligence. Yet, as in the case before us, the plaintiff in *Floyd* named the wrong party and belatedly made an attempt to amend her complaint.

The majority concludes by pronouncing that "it is the law in Kentucky that a plaintiff may bring suit and recover from the principal under a vicarious liability theory, without first filing suit and getting a judgment against the agent." *Op.* at 539. This declaration is based on a 1948 Sixth Circuit Court of Appeals [1] case that stated:

> As a matter of procedure appellee was not required to sue both Southeastern and Masters. He could have sued them separately; or jointly, as he did here.

> The majority apparently forgets that appellant could not sue the doctor in this case either separately or jointly. Such an action was barred by the applicable statute of limitations.

I believe that it is elementary that a viable action against a servant for negligence is a condition precedent for imputing vicarious liability to the master. Today's majority holding changes that longstanding principle.

---

**1.** *Southeastern Greyhound Lines v. McCafferty,* 169 F.2d 1, 3 (6th Cir.1948).