**Charles Nathan BYRD, Plaintiff,**

v.

**J RAYL TRANSPORT, INC., Defendant.**

**Civil No. 13–2279 (RHK/LIB).**

United States District Court,
D. Minnesota.

Signed Jan. 23, 2015.

Carlos M. Fleites, DePrimo, Fleites & Fleites, P.A., St. Louis Park, MN, for Plaintiff.

Robert L. McCollum, Cheryl A. Hood Langel, McCollum, Crowley, Moschet, Miller & Laak, Ltd., Minneapolis, MN, for Defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD H. KYLE, District Judge.

### INTRODUCTION

This simple personal-injury action arises out of a 2010 motor-vehicle accident on a highway in Texas. Plaintiff Charles Nathan Byrd has sued Defendant J Rayl Transport, Inc. ("J Rayl"), the owner of the vehicle that struck his truck, for injuries he sustained in that accident. Presently before the Court is J Rayl's Motion for Summary Judgment (Doc. No. 76). For the reasons that follow, its Motion will be denied.

### BACKGROUND

On December 7, 2010, Byrd, a Minnesota resident, was driving a truck on Interstate 20 in eastern Texas when it was struck by a tractor-trailer operated by Bennie Hughes, a Texas resident, and owned by J Rayl, an Ohio corporation; Byrd sustained unspecified injuries. In July 2013, he sued Hughes and J Rayl in the Hennepin County, Minnesota District Court, asserting claims for (1) negligence (against Hughes) and (2) respondeat superior (against J Rayl), based on Hughes's (alleged) negligence. Defendants removed the action to this Court, asserting diversity jurisdiction, and Byrd later voluntarily dismissed Hughes from the case, ostensibly due to a lack of personal jurisdiction over him. All that remains for adjudication, therefore, is the respondeat superior claim against J Rayl.

J Rayl now moves for summary judgment on that claim, arguing that Hughes cannot be directly liable to Byrd and, as a result, it cannot be liable under the doctrine of respondeat superior. The Motion has been fully briefed and is ripe for disposition.

### STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009). The moving party bears the burden of showing that the material facts in the case are undisputed. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir.2011) (*en banc* ); *Whisenhunt v. Sw. Bell Tel.*, 573 F.3d 565, 568 (8th Cir.2009). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. *Beard v. Banks*, 548 U.S. 521, 529–30, 126 S.Ct. 2572, 165 L.Ed.2d 697 (2006); *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir.2009). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue of material fact for trial. Fed.R.Civ.P. 56(c)(1)(A); *Wood v. SatCom Mktg., LLC*, 705 F.3d 823, 828 (8th Cir.2013).

### ANALYSIS

 J Rayl argues that because Hughes cannot be directly liable to Byrd, it, too, cannot be liable, as respondeat superior— the theory under which it has been sued— is predicated on vicarious liability for an underlying tort, here, Hughes's alleged negligence. Stated differently, J Rayl argues that as "long as the employee [Hughes] escapes liability, the employer [J Rayl] does as well." (Reply at 9.) While superficially appealing, this argument does not withstand scrutiny for two reasons.

First, J Rayl's argument is predicated on a faulty assumption. It contends that there is no way for Byrd to sue Hughes because (1) "Byrd cannot maintain an action in Minnesota [against Hughes] because no Minnesota court may exercise personal jurisdiction over [him]" (Def. Mem. at 5) and (2) "Texas's statute of limitations ... bars a Texas action against him" (Reply at 5). But this argument overlooks that if Byrd were to sue Hughes in Texas, where jurisdiction indisputably exists, the court might well apply *Minnesota's* statute of limitations to Byrd's claim, using a choice-of-law analysis. Indeed, J Rayl *agreed* in its Reply brief that "Minnesota's statute of limitations applies to Byrd's claims." (Reply at 2.) Hence, J Rayl's argument attacks a straw man—it may well be true that Hughes could only be sued in Texas and that Texas's statute of limitations could bar this claim, but it does not appear that Texas's statute of limitations would even apply in such a situation. The upshot, then, is that J Rayl is simply wrong to argue there exists no route through which liability might be imposed upon Hughes.

Second, even if J Rayl were correct that Hughes could not be held directly liable, this would not automatically bar Byrd's claim. Indeed, the notion that an employer avoids vicarious liability when its employee cannot be liable for an underlying tort is not as well-settled as J Rayl apparently believes; courts around the country have split on the question.[1]

■ True, some decisions support J Rayl's argument and have held that "when an employee has been ... dismissed, and the employer has been sued solely on a theory of vicarious liability, any liability of the employer is likewise eliminated." *Stephens v. Petrino,* 350 Ark. 268, 86 S.W.3d 836, 843 (2002). But other courts have noted the mere fact a plaintiff "cannot recover from the [employee] does not negate the fact that liability may exist, and that it can be imputed to the [employer]." *Cohen v. Alliant Enters., Inc.,* 60 S.W.3d 536, 538 (Ky.2001). As one court has stated, this "rule ... is one of logic rather than law," based on the underlying reasoning behind vicarious liability. *Stith v. J.J. Newberry Co.,* 336 Mo. 467, 79 S.W.2d 447, 458 (1934). An employer "is liable for the negligence of the [employee] on the ground that one who does a thing through another, his servant, does it himself and is responsible for the manner in which it is done." *Id.* In other words, "[i]t is the *negligence* of the servant that is imputed to the master, not the liability." *Cohen,* 60 S.W.3d at 538 (emphasis added); *accord, e.g., Frieler v. Carlson Mktg. Grp., Inc.,* 751 N.W.2d 558, 575 (Minn.2008) (under doctrine of respondeat superior, employer bears responsibility "for *acts* committed by its employees") (emphasis added). Hence, as stated by the Restatement (Second) of Judgments:

> [B]oth the primary [tortfeasor] and the person vicariously responsible for his conduct are ordinarily subject to liability to the injured person. In some situations, the vicariously responsible person is liable only if the liability of the primary obligor is established; this is true, for example, of an insurer's liability for the acts of the insured. *Ordinarily, however, the person vicariously responsible may be held liable even though the liability of the primary obligor has not been established. Moreover, in some situations the person vicariously responsible may be held liable even though an action cannot be maintained against the primary obligor.* This is the

---

1. The parties seem to agree that Minnesota law applies in this action but J Rayl has not cited, and the Court has not located, a decision directly on point from the Minnesota Supreme Court.

case when the primary obligor is immune from suit by the injured person (for example, because of the operation of a worker's compensation law) or when he has been given a release by the injured person that preserves the latter's rights against the person vicariously responsible. *Except when the injured person is unable for such a reason to maintain an action against one or the other of the two, he has the option of suing either or both of them.*

*Id.* § 51, cmt. a (emphases added).

This rule aptly applies here. J Rayl contends Byrd cannot maintain a claim against Hughes, but as the Restatement makes clear, Byrd need not have even sued Hughes—which J Rayl acknowledges. (*See* Reply at 3.) All Byrd must do in order to recover from J Rayl is establish that Hughes was negligent; he need not proceed directly against Hughes, and hence it makes no difference whether a claim against Hughes would be barred by the Texas statute of limitations or could not be brought in Minnesota for jurisdictional reasons. *Cohen,* 60 S.W.3d at 539 ("[T]he fact that an employee is able to escape liability for his alleged negligence because the statute of limitations had run as to him does not also insulate the employer from vicarious liability for that negligence."); *Juarez v. Nelson,* 133 N.M. 168, 61 P.3d 877, 886 (N.M.Ct.App.2002) (noting "Defendant has not cited, and we are not aware of, any New Mexico case applying the principle that the exoneration of the servant operates in tort to exonerate the principal of vicarious liability where the employee has been exonerated by a statute of limitations") (internal quotation marks omitted), *overruled on other grounds by Tomlinson v. George,* 138 N.M. 34, 116 P.3d 105 (2005). Only if it were determined that Hughes *was not negligent* would a claim against J Rayl be precluded, for then there would be no wrongful "act" for which to hold J Rayl liable. *See, e.g.,*

*Juarez,* 61 P.3d at 886 ("An examination of cases from other jurisdictions indicates that 'exoneration of the servant' commonly is understood to mean *acquittal of the employee or agent following a trial on the merits.*") (emphasis added); *Stith,* 79 S.W.2d at 458 ("[W]here the right to recover is dependent solely upon the doctrine of respondeat superior, and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negligent, . . . there should be no judgment against the master."); *Lake Shore & Mich. S. Ry. Co. v. Goldberg,* 2 Ill.App. 228, 234–35 (Ill.App. Ct.1878) ("But where the real actor, none the less liable personally because acting for another, is not guilty, it necessarily follows that the party for whom he acted cannot be. The principal could be no more guilty by reason of the act of his agent than if he had committed the act in person.").

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that J Rayl's Motion for Summary Judgment (Doc. No. 42) is **DENIED.**